UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISA INTERNATIONAL SERVICE ASSOCIATION,<br><br>        Plaintiff,<br><br>    v.<br><br>BANKISLAMI PAKISTAN LIMITED,<br><br>        Defendant. | Case No.  20-cv-01786-VC<br><br>**ORDER DENYING MOTION TO DISMISS OR STAY**<br><br>Re: Dkt. No. 19 |

       On a Saturday in October 2018, a group of unknown people launched a coordinated "cashout attack" using counterfeit BankIslami debit cards to simultaneously withdraw cash from ATMs around the world in the Visa network. Visa, stepping into the void, paid the banks whose ATMs were involved and then initiated the process of debiting BankIslami for the losses. Meanwhile, the next business day, BankIslami instituted an action in Pakistan—specifically, in the High Court of Sindh—seeking an emergency injunction against transfer of funds to Visa and a declaration that BankIslami is not liable to Visa for the losses associated with the cashout attack. The High Court of Sindh issued the ex parte injunction, and although the injunction's terms arguably would not apply, the disputed funds have not been transferred to Visa from a JP Morgan Chase account in New York.

       In March 2020, Visa filed this breach-of-contract action against BankIslami requesting $6.2 million in damages. BankIslami has moved to dismiss the case or alternatively to stay proceedings on an assortment of grounds, but none justifies the relief requested by the motion. For following reasons, the motion is denied.

       1. Visa is not precluded by the action in Pakistan from proceeding in this forum. In a

diversity case like this one, California law determines the preclusive effect of a foreign judgment. *See Midbrook Flowerbulbs Holland B.V. v. Holland American Bulb Farms, Inc.*, 874 F.3d 604, 615 n.12 (9th Cir. 2017). BankIslami underscores that Visa appeared to contest jurisdiction in the High Court of Sindh, which rejected Visa's arguments in a decision now on appeal. This decision would tend to support preclusion if Visa were collaterally attacking a foreign court's jurisdiction, say, to prevent enforcement of a judgment. *Cf. United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 250–51 (9th Cir. 1992). But even putting aside the absence of a final judgment in Pakistan, Visa is not relitigating the question whether BankIslami's declaratory relief action can proceed in Pakistan. The High Court of Sindh did not decide (nor could it) the "identical issue" to the one posed by this motion: whether Visa's contract claim may proceed in California. *Samara v. Matar*, 5 Cal. 5th 322, 327 (2018).

       2. BankIslami invokes the "doctrine of prudential abstention" known as "adjudicatory comity." *Mujica v. Airscan Inc.*, 771 F.3d 580, 598–99 (9th Cir. 2014). Under this doctrine, a federal court may "decline to exercise jurisdiction in a case properly adjudicated in a foreign state"—a standard that depends on an evaluation of the United States' and foreign government's interests, as well as the adequacy of the foreign proceedings. *Id.* at 599, 603. Many of the considerations identified in *Mujica* point in opposite directions, including the extraterritoriality of the conduct at issue. Visa, a U.S. citizen, alleges the breach of a domestic contractual settlement process that is governed by California law. Conversely, BankIslami, a citizen of Pakistan, was targeted by the cashout attack, likely from within Pakistan, and many of the fraudulent withdrawals occurred in the Middle East.

       Yet BankIslami agreed to litigate any dispute arising from its relationship with Visa in California—and this case concerns these contractual obligations, not some freewheeling inquiry into responsibility for an international cashout attack. While the forum-selection clause does not designate California as the exclusive forum for this claim, California's interest in the enforcement of its contracts nonetheless buttresses the United States' interest in providing a

forum to its citizens. *See E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 994 (9th Cir. 2006). Nor is it clear that BankIslami's declaratory action in the High Court of Sindh (which has thus far addressed only an agreement to which Visa is not a party) would conclusively resolve Visa's claim, which is based on a different contract establishing a settlement process. In addition, according to Visa's uncontested assertion, New York will not recognize a Pakistani judgment, so the Pakistani action would neither preclude successive litigation nor permit Visa to levy on the funds in the JP Morgan account. *Cf. Khokar v. Yousuf*, 2017 WL 3535055, at *5 (N.D. Cal. Aug. 16, 2017). BankIslami's request for abstention, in short, has not overcome the general rule that federal courts "have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given." *Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 404 (1821).

3. Neither is dismissal appropriate under the related doctrine of forum non conveniens. For starters, BankIslami agreed to litigate in California and thus cannot complain about inconvenience it suffers by virtue of its own contractual obligations. *Atlantic Marine Const. Co. v. United States Dist. Court for the Western Dist. of Tex.*, 571 U.S. 49, 64, 66 n.8 (2013). The parties agree that this contract dispute is governed by California law, and witnesses (to the extent they are necessary) are no more likely to be in Pakistan than in the United States. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 260 (1981). Nor has BankIslami explained why Pakistani citizens Faysal Bank and 1Link (non-parties to the contract) must be joined in this action. Presumably BankIslami could litigate any potential cross-claims against these entities in Pakistan, where it has already filed suit. And as detailed above, the action in Pakistan is unlikely to conclusively resolve Visa's contract claim.

4. Visa's contact claim is not barred by laches. California does not recognize the equitable defense of laches to claims that sound in law, such as a contract claim for damages. *Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 235 F.3d 1184, 1193–94 (9th Cir. 2000).

5. A stay would not be appropriate either under the *Colorado River* doctrine or as an

exercise of inherent power. As discussed above, the declaratory action in Pakistan is unlikely to resolve Visa's contract claim. BankIslami therefore cannot demonstrate exceptional circumstances under *Colorado River*, nor would a stay promote judicial efficiency or the ends of justice. *R.R. Street & Co. v. Transport Insurance Co.*, 656 F.3d 966, 982 (9th Cir. 2011); *Leyva Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

**IT IS SO ORDERED.**

Dated: June 27, 2020

_____

VINCE CHHABRIA
United States District Judge